FILED
8-1-07
AUG - 1 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
8-1-07

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERTO ZAMUDIO, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

HSBC North America Holdings Inc.,

Defendant.

07CV4315
JUDGE DARRAH
MAG.JUDGE COLE

**JURY DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff, Roberto Zamudio, by and through undersigned counsel, and in support of his claim for relief against Defendant, states the following:

**NATURE OF THE CASE**

1. This is a class action seeking redress for the racially discriminatory conduct of Defendant HSBC North America Holdings Inc., doing business as Beneficial ("HSBC"), in the offering and sale of residential mortgage loans to minority borrowers. HSBC discriminates against minority borrowers through its use of automated underwriting and credit scoring systems that have a disparate, discriminatory impact on minority applicants for residential home mortgage loans. In particular, HSBC's automated underwriting and credit scoring systems rely upon credit scores and other credit information to determine whether to grant minorities residential mortgages and to determine the specific terms and conditions of the residential mortgages HSBC will grant to minorities. HSBC's specific policies and procedures regarding the use of credit scores and credit information in the underwriting of residential home loans deny minority loan applicants loans more frequently than Caucasian applicants and result in minority

borrowers receiving loans with less favorable terms and conditions than Caucasian borrowers in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 -3619, and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 - 1691f.

2. In the context of this case, the term "underwriting" refers to the decision-making policies and criteria HSBC uses in deciding whether to grant an applicant a residential mortgage loan and in setting the terms and conditions of the loans it decides to grant.

3. As used in this Complaint, "minority" or "minorities" shall refer to all non-Caucasians and other minority racial groups protected under 42 U.S.C. §§ 1981, 1982, and 3604, and 15 U.S.C. § 1691. In addition, "residential mortgage loan" means a loan made for the purpose of purchasing, constructing, improving, repairing, or maintaining a dwelling, or a loan was secured by residential real estate."

4. This action is brought by Plaintiff as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all minorities throughout the nation (hereinafter collectively referred to as the "Class" or "Class Members") who have applied for or have entered into residential mortgage loan contracts financed by Defendant HSBC based upon the common course of conduct described herein and who were harmed thereby.

5. Plaintiff seeks damages, including punitive damages, injunctive, declaratory and equitable relief, and other remedies for Defendant's racially discriminatory conduct.

**JURISDICTION AND VENUE**

6 This action is brought pursuant to the provisions of the the Fair Housing Act, 42 U.S.C. §§3601 et seq. (the "FHA"), and the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq. (the "ECOA"). Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the

Defendant resides or does business in this district and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8. Plaintiff, Roberto Zamudio (hereinafter "Mr. Zamudio"), is currently a resident of El Paso, Texas, but at all times relevant to this complaint, resided at 621 E. Paloma Blanca Drive, Chaparral, NM, 88081.

9 Beneficial is owned by HSBC North America Holdings, Inc. Defendant HSBC North America Holdings Inc. is one of the top ten financial services organizations in the United States with assets totaling more than $300 billion. HSBC North America is the holding company for all of HSBC's U.S. and Canadian businesses, including the former Household International Inc. businesses. Financial products and services are offered under the HSBC, HFC and Beneficial brands. HSBC North America Holdings is headquartered in Prospect Heights, Illinois.

## HSBC'S DISCRIMINATORY, DECEPTIVE AND OTHER WRONGFUL ACTS

10. HSBC has developed underwriting policies for residential home loans based upon an automated underwriting and credit scoring systems that have a disparate impact on minority home loan applicants. Defendant uses its discriminatory automated underwriting and credit scoring systems even though its systems have a disparate impact on minorities because of their status as minorities. Defendant cannot and does not have any legitimate business purpose for creating, using, and perpetuating the use of such discriminatory automated underwriting and credit scoring systems. Instead, Defendant rejects minority home buyers outright or charges them more than non-minority home buyers, thereby perpetuating discrimination in lending markets.

11. Under the guise of increasing profits and reducing the expense and time associated with underwriting loans, Defendant conceived of and implemented the use of automated underwriting systems and statistical credit scoring models to classify mortgage applicants.

12. Defendant's automated underwriting and credit scoring systems are inherently discriminatory in that they contain racially discriminatory assumptions that are embedded in the statistical formulas utilized to analyze the credit score and other credit information to reach an underwriting decision. Because of these racially discriminatory assumptions, Defendant's automated underwriting and credit scoring system has a profoundly disparate impact on minority mortgage applicants. Minority home buyers have experienced disparate impact by virtue of either being denied loans outright, where similarly situated Caucasian applicants are not being denied loans, or by being charged higher interest, higher fees, or being required to put more money down than similarly situated Caucasians.

13. The discriminatory criteria that are a part of Defendant's automated underwriting and credit scoring systems are not necessitated by considerations of risk, profit, or any other legitimate race-neutral business consideration. Alternative methods are available which would accomplish the business objectives forming the ostensible rationale for Defendant's use of such discriminatory criteria without imposing the substantial and disproportionate burden on minority home loan applicants that its criteria have and currently impose.

**ROBERTO ZAMUDIO**

10. Roberto Zamudio is a 55-year old Mexican-American man who is employed as a teacher at the Nolan Richardson Middle School, 11350 Loma Franklin, El Paso, TX 79934.

11. On August 2, 2005, Mr. Zamudio attempted to refinance his residence at the Beneficial office located at 2240 E. Loham Avenue, Las Cruces, NM 88001. During the process of applying for this residential mortgage loan, a Beneficial Loan officer told Mr. Zamudio that he would qualify for a loan if his residence was appraised at more than $140,000. Mr. Zamudio's residence was subsequently appraised at $144,900.

12. Nevertheless, on September 15, 2005, Mr. Zamudio was notified that his residential loan application was denied by Defendant. A true and correct copy of this denial letter is attached hereto as Exhibit A. In addition, prior to receiving this denial letter, Mr. Zamudio also received a letter from Defendant disclosing his credit score and the specific Credit Reporting Agency providing the credit score. A true and correct copy of this letter is attached hereto as Exhibit B.

13. Mr. Zamudio telephoned Beneficial to determine why his application was disapproved and was told that the value of his residence was insufficient to qualify for a loan.

14. However, this stated reason was not actual reason Defendant denied Mr. Zamudio's loan application. In actuality, Defendant denied his loan on the basis of its discriminatory policies and procedures regarding the use of credit scores and credit information.

## CLASS ACTION ALLEGATIONS

15. This action is brought by Plaintiff as a class action pursuant to Rule 23(a) and Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all minorities who applied for residential mortgage loan contracts with by Defendant HSBC and who were either rejected outright or were given less favorable loan terms and conditions than similarly situated Caucasian applicant as a result of Defendant HSBC's discriminatory conduct.

16. The Class is believed to comprise many thousands of mortgage applicants in the United States, the joinder of whom is impracticable, and for whose claims class treatment will provide substantial benefit to both the parties and the court system. A well-defined commonality of interest in the questions of law and fact involved affects Plaintiff and proposed Class Members. Common questions of law and fact predominate over any questions that may affect Class Members individually. The common questions include:

a. Whether Defendant discriminated against Class Members by denying their loan applications or by charging them higher interest, fees, and other costs for home mortgage loans than Defendant charges similarly situated non-minority borrowers;

b. Whether Defendant can articulate a legitimate non-discriminatory reason for its practices and procedures which are discriminatory;

c. Whether Defendant has any business justification for these practices and procedures which cause a disparate impact upon minorities;

d. Whether there is a less discriminatory alternative to these practices and procedures;

e. Whether Plaintiff and Class Members are entitled to specific performance, injunctive relief and/or other equitable relief against Defendant;

f. Whether Plaintiff and Class Members have sustained damages and the proper measure of those damages.

17. Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in the prosecution of this type of litigation.

18. Defendant has acted and refused to act on grounds generally applicable to the Class by engaging in the same discriminatory conduct with respect to all Class Members, thereby

making injunctive or declaratory relief applicable with respect to the Class as a whole. Class Members primarily seek injunctive relief.

19. A class action also is superior to other available methods for the fair and efficient adjudication of this controversy, because Class Members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. Trial of Plaintiff's and Class Members' claims is manageable, and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

20. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the significant costs attendant to litigation on this scale compared to the significant, but small damages suffered by individual Class Members.

21. Unless a class is certified, Defendant will continue to engage in predatory and discriminatory lending practices to the detriment of minority borrowers. Unless a class-wide injunction is issued, Defendant will continue to commit violations against minority home mortgage loan applicants.

**COUNT I**
**VIOLATION OF THE FAIR HOUSING ACT**
**42 U.S.C. § 3601 – 3619**

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. Mortgage lending and the providing of residential mortgage loans is a "residential real estate-related transaction" within the meaning of the FHA. 42 U.S.C. § 3605(b).

24. Through denying Plaintiff and Class Members residential mortgage loans and by imposing higher interest, and greater fees and costs on residential mortgage loans for minorities than on loans to Caucasians, Defendant has discriminated against Plaintiff's and Class Members' ability to participate in real estate-related transactions and in the terms and conditions of such transactions in violation of the FHA. 42 U.S.C. § 3605(a).

25. As a proximate result of Defendant's violation of 42 U.S.C. § 3605, Plaintiff and Class Members have been injured and are entitled to injunctive and declaratory relief and damages or make whole equitable relief. In addition, Defendant's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence. Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff and Class Members. As a result, Plaintiff and Class members are entitled to punitive damages.

26. Moreover, Defendant continues to discriminate in violation of the FHA against Class Members every time either Defendant denies or provides a residential mortgage loan as described herein. If not enjoined from such violation by the Court, Defendant will continue to engage in conduct that disregards the rights of Plaintiff and Class Members and cause Plaintiff and Class Members irreparable injury for which there is no adequate remedy at law. 42 U.S.C. § 3613(c).

27. Plaintiff and Class Members ask this Court to declare the rights of the parties herein regarding Defendant's obligation to participate in credit transactions without discriminating against applicants for credit on the basis of the applicants' race.

**COUNT II**
**VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT**
**15 U.S.C. § 1691 - 1691f**

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

29. Defendant engages in credit transactions through its offering, granting, and purchasing of residential mortgage loans.

30. Through imposing higher interest and greater fees and costs on residential mortgage loans to Plaintiff and Class Members, Defendant has discriminated against Plaintiff and Class Members with respect to a credit transaction on the basis of race in violation of the ECOA. 15 U.S.C. § 1691(a).

31. As a proximate result of Defendant's violation of 15 U.S.C. § 1691, Plaintiff and Class Members have been injured and are entitled to injunctive and declaratory relief and damages or make whole equitable relief. In addition, Defendant's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous or otherwise aggravated beyond mere negligence. Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff and Class Members. As a result, Plaintiff and Class members are entitled to punitive damages.

32. Moreover, Defendant continues to discriminate in violation of the ECOA against Class Members every time Defendant denies or provides a residential mortgage loan as described herein. If not enjoined from such violation by the Court, Defendant will continue to engage in conduct that disregards the rights of Plaintiff and Class Members and cause Plaintiff and Class Members irreparable injury for which there is no adequate remedy at law. 15 U.S.C. § 1691(e).

33. Plaintiff and Class Members ask this Court to declare the rights of the parties herein regarding Defendant's obligation to participate in credit transactions without discriminating against applicants for credit on the basis of the applicants' race.

## REQUESTS FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests the following relief:

(1) An order determining that the action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(2) A Judgment awarding Plaintiff and Class Members costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

(3) A Judgment granting extraordinary equitable and/or injunctive relief as permitted by law or equity, including rescission, restitution, reformation, attaching, impounding or imposing a constructive trust upon, or otherwise restricting, the proceeds of Defendant's ill-gotten funds to ensure that Plaintiff and Class Members have an effective remedy;

(4) A Judgment awarding punitive damages to Plaintiff and Class Members;

(5) A Judgment granting declaratory and injunctive relief and all relief that flows from such injunctive and declaratory relief; and

(6) A Judgment or other Order granting such other and further relief as the Court deems just and proper including, but not limited to, recessionary relief and reformation.

**JURY DEMAND**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial by jury.

DATED: August 1, 2007.

By: ______________________
Marvin A. Miller
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400 – phone
(312) 676-2676 – fax

Designated Local Counsel

J. Andrew Meyer
Christa Collins
**JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.**
4830 West Kennedy Boulevard, Suite 550
Tampa, FL 33609-2589
(813) 286-4100 – phone
(813) 286-4174 – fax

*Attorneys for Plaintiff and the Class*

# EXHIBIT A

2240 EAST LOHMAN AVE
LAS CRUCES NM 88001

09/15/05

Office Number 671707
9160005444

ROBERTO ZAMUDIO
621 E PALOMA BLANCA DR
CHAPARRAL NM 88021

Dear Applicant:

Thank you for applying to us for a first mortgage loan.

After carefully reviewing your loan application, we are sorry to advise you that we cannot approve your application at this time. If you would like a statement of specific reasons why your application was denied, please contact our customer service department at the address shown below within 60 days of the date of this letter. We will provide you with the statement of reasons within 30 days after receiving your request.

BENEFICIAL
2240 EAST LOHMAN AVE
LAS CRUCES NM 88001
(505) 541-4380

If we obtained information from a consumer reporting agency as part of our consideration of your application, its name, address, and telephone number is shown below. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you received is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file (if one was used) by contacting:

EQUIFAX INFO SERVICE LLC
PO BOX 740241
ATLANTA GA 30374
(800) 685-1111

---

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Washington, D.C. 20580.

# EXHIBIT B

BENEFICIAL
2240 EAST LOHMAN AVE
LAS CRUCES, NM 88001

ROBERTO ZAMUDIO
621 PALOMA BLANCA DR
CHAPARRAL, NM 88081-7824

08/03/2005

## NOTICE TO HOME LOAN APPLICANT

In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency/credit bureau distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.

The credit score is a computer-generated summary calculated at the time of the request and based on information that a consumer reporting agency/credit bureau or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender in determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change.

Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.

If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency/credit bureau at:

EQUIFAX INFO SERVICE LLC
PO BOX 740241
ATLANTA, GA 30374

The consumer reporting agency/credit bureau plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have any questions concerning the terms of the loan, contact the lender at (505) 541-4380.

Summary of Credit Scoring Information for: ROBERTO ZAMUDIO
Credit Score*: 633 Date score was created: 08/02/2005
Range of possible scores*: 300 - 850
Key Factors adversely affecting score:

54 Number of seriously adverse trade lines
17 Number of months since most recent late payment
II No. of accts currently or in the past not paid as agreed
F Prop. of bal. to high cr. on bk rvlvng or all rvlvng accts
Y Inquiries impacted the score but not significantly

* This credit score information was provided to the Lender by the consumer reporting agency/credit bureau.

08/03/2005 0131LE02

* Z55D87E680 - 98 - US1 - 9 - 000 - 0131LE - Z - 1 - O ** * ORIGINAL

UU012:2 Z50D87E680909 NNNNNNNNNNN PAGE 01 OF 01