HHN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT ZAMUDIO, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| ) | No. 07 C 4315 |
| v. ) ) | Judge John W. Darrah |
| HSBC NORTH AMERICA HOLDINGS INC., ) and HSBC FINANCE CORPORATION, doing ) business as BENEFICIAL/HFC, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Zamudio filed suit against HSBC North America Holdings, Inc. and HSBC Finance Corporation (d/b/a Beneficial/HFC), alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-09, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691. Presently pending before this Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

### BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

HSBC North America Holdings, Inc. and its subsidiary, HSBC Finance Corporation, are parent companies of Beneficial/HFC, a mortgage company. On or about August 2, 2005, Robert Zamudio, a 55-year-old Mexican-American, attempted to refinance his residence at a Beneficial office in Las Cruces, NM, where a Beneficial loan officer told Zamudio that he would qualify for a loan if his residence was appraised at more than $140,000.00. Zamudio's home was

subsequently appraised at $144,900.00; however, his loan application was denied. Zamudio called the Beneficial office to determine the reason for the denial and was told that the value of his residence was insufficient; however, this was not the true reason for the denial. The denial was actually based on the results of HSBC's automated underwriting and credit scoring systems, which have a discriminatory impact on minority mortgage applicants, such as Zamudio.

This disparate impact on minority applicants has impaired Zamudio's and other similarly situated individuals' ability to participate in real-estate transactions in violation of the FHA (Count I) and has resulted in discrimination with respect to a credit transaction on the basis of race in violation of the ECOA (Count II.)

## ANALYSIS

Defendants seek to dismiss Zamudio's First Amended Complaint, arguing that:
(1) Zamudio fails to meet the notice pleading standard, (2) that there is no statutory basis for his claims, and (3) Zamudio lacks standing to sue HSBC or HFC.

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007).

Defendants assert that Zamudio fails to specifically identify any discriminatory policy or practice and, thus, fails to provide Defendants with fair notice of the claims. Zamudio's claims identify the discriminatory practice to be the method of Defendants' use of specific credit attributes in its self-designed system of automated underwriting and credit scoring. Zamudio asserts that racially discriminatory assumptions are embedded in the statistical formulas used to analyze credit information and ultimately form underwriting decisions. This is sufficient to meet the basic pleading requirements under *Twombly*. The only way for Zamudio to ascertain a more detailed picture of Defendants' use of credit-related variables would be through discovery. Furthermore, it is well established that a disparate-impact claim is available under both the ECOA and FHA. *Latimore v. Citibank, F.S.B.*, 979 F. Supp. 662, 664, fn. 7 (N.D. Ill. 1997); *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1288-90 (7th Cir. 1977). Defendants' argument that *Smith v. City of Jackson*, 544 U.S. 228 (2005), bars such a claim is unpersuasive. In *Smith*, the Supreme Court compared the availability of disparate impact claims under the Age Discrimination in Employment Act ("ADEA") to the availability of such claims under Title VII. The ADEA and Title VII contain the same prohibitory language (except for the substitution of "age" for "race, color, religion, sex, or national origin.") 42 U.S.C. § 2000e-2(a)(2); 29 U.S.C. § 623(a)(2). *Smith* held that both the ADEA and Title VII authorize recovery

3

in disparate-impact cases; however, the disparate-impact theory's scope is narrower under the ADEA than under Title VII for two reasons: (1) because the ADEA permits any "otherwise prohibited" action "where differentiation is based on reasonable factors other than age," and (2) because the Civil Rights Act of 1991 expanded the coverage of Title VII but did not amend the ADEA. *Smith,* 544 U.S. 228 at 240. The effect of *Smith* is to narrow the scope of a disparate-impact claim under the ADEA compared to the scope of such claims under Title VII. Although the identical language found in the ADEA and Title VII was a basis for comparison in *Smith,* the *Smith* decision does not reach so far as to prohibit disparate-impact claims under other statutes that do not contain this same language; nor does it set forth a new test for determining whether a statute supports disparate-impact claims.

Finally, Plaintiff has sufficiently alleged a connection between Defendants HSBC North America Holdings, Inc., HSBC Finance Corp., and Beneficial/HFC, in that HSBC North America Holdings, Inc. and HSBC Finance control or participate in the credit decisions made under the Beneficial/HFC name and are involved in setting the policies and procedures at issue in this case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is denied.

Dated: February 20, 2008

JOHN W. DARRAH
United States District Court Judge

4